Filed 3/14/23  P. v. Hutchinson CA2/8
(Opinion following transfer from Supreme Court)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANTONE HUTCHINSON,<br><br>        Defendant and Appellant. | B299078<br><br><br>(Los Angeles County<br>Super. Ct. No. NA102378) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard R. Romero, Judge.  Reversed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Amanda V. Lopez and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal requires us to decide whether a defendant who pleads guilty to unpremeditated attempted murder is entitled to resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437. In our decision filed April 30, 2020, our answer was no. On February 15, 2023, the California Supreme Court ordered us to vacate and reconsider our decision in light of Senate Bill No. 775 (Stats. 2021, ch. 551). We do so now and conclude appellant is entitled to be considered for resentencing under the statute.

## FACTUAL BACKGROUND

In 2017, appellant Antone Hutchinson pled guilty to one count of unpremeditated attempted murder, for which he was sentenced to the high term of nine years; and one count of discharging a firearm at an inhabited dwelling, for which he was sentenced to one year eight months, one-third of the mid-term. He also admitted a gang allegation, for which he received an additional 10 years. Hutchinson's aggregate sentence is 20 years eight months in prison.

We do not have the record of conviction before us on appeal. With no preliminary hearing transcript, information, probation report, or other document to provide the facts underlying

---

[1] During the pendency of the appeal, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.) For clarity we refer to former section 1170.95 by its new designation.

All further statutory references are to the Penal Code unless otherwise indicated.

Hutchinson's offense, we rely on Hutchinson's reply to the People's opposition to his petition for resentencing to provide skeletal details of the offense. On appeal neither party disputes the facts of the offenses as set out in this opinion. Details of what transpired in the trial court with respect to the guilty plea, however, remain opaque.

The undisputed facts are that appellant Hutchinson agreed to give Deshawn Freeman and Dyllin Pressey a ride to a store. When Hutchinson later pulled over, Freeman and Pressey exited the car and began shooting. Four people were injured. Freeman then ordered Hutchinson to drive across town, where Freeman and Pressey again exited the car and one of them shot at a building.

## PROCEDURAL BACKGROUND

On January 11, 2019, Hutchinson filed a petition for resentencing under section 1172.6. Hutchinson alleged: (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he pled guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes made to Sections 188 and 189.

The People opposed the petition on statutory and constitutional grounds. The constitutional grounds are not at issue on appeal so we do not discuss them. As to the statutory grounds, the People argued Hutchinson was not convicted of

3

murder under a felony murder or natural and probable consequences theory. Rather, he was convicted of attempted murder. The People also argued section 1172.6 applies to convictions for first or second degree murder only, not attempted murder. The People further contended Hutchinson was not eligible for resentencing because his culpability for attempted murder arose from aiding and abetting the crimes to which he pled guilty.

In his reply, Hutchinson urged the court to conclude that the Legislature intended to include within the ameliorative provisions of Senate Bill No. 1437 the crime of attempted murder based on the natural and probable consequences doctrine. Hutchinson also alleged in his reply that he was factually innocent of the charges and pleaded guilty because he could not safely testify in his own behalf.

The court denied the resentencing petition, finding Hutchinson "was not convicted under a theory of felony murder or natural and probable consequences. In fact, he was not convicted of murder and pled to attempted murder and shooting at an inhabited dwelling with a gang allegation. Nor was he ever charged with murder."

Hutchinson filed a motion for reconsideration. The court denied the motion, determining Hutchinson "necessarily would have an intent to kill as an aider and abettor to attempted murder. With an intent to kill, petitioner is not entitled to resentencing."

Hutchinson timely appealed.

## DISCUSSION

The doctrine of natural and probable consequences is an aiding and abetting theory whereby a defendant guilty of one crime (the target crime) is also held liable for a crime committed by an accomplice (the nontarget crime) that a reasonable person would know was a natural and probable consequence of the target crime committed by the defendant. (CALCRIM 402; *People v. Chiu* (2014) 59 Cal.4th 155, 161–162.)

In 2018, the Legislature enacted Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 amended the definition of malice in section 188 to provide, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

As of January 1, 2019, the effective date of Senate Bill No. 1437, a person can no longer be liable for murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 841, 847–848, 849, superseded by statute as stated in *People v. Hola* (2022) 77 Cal.App.5th 362, 370.)

Pursuant to Senate Bill No. 1437, the Legislature also added section 1172.6, which permits those "convicted of . . . murder under a natural and probable consequences doctrine" to "file a petition with the court that sentenced the petitioner to

have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).) The court may only grant the petition upon a prima facie showing that: (1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, or murder under the natural and probable consequences doctrine; (2) [t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder; and (3) [t]he petitioner could not be convicted of murder because of changes to Section 188 or 189 made effective January 1, 2019. (*Id*., subd. (a)(1)–(3).)

While appellant's petition for review was pending, the legislature enacted Senate Bill No. 775, which expressly applies section 1172.6 to convictions for attempted murder. Senate Bill No. 775 is retroactive to judgments that were not final upon the date the statute took effect. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006–1007.) Appellant's judgment was not final when Senate Bill No. 775 took effect and therefore the amended statute applies to him.

We cannot comment on the trial court's finding upon reconsideration that appellant, as an aider and abettor to attempted murder, must have had the intent to kill. In his Opening Brief, appellant addressed that finding. In Respondent's Brief, the People made no argument whatsoever on the issue, standing pat on their argument that the statute did not encompass the crime of attempted murder. This was a plea for which Hutchinson has provided no record. We do not know under what theory Hutchinson entered his plea and neither party has

6

filled the evidentiary gap.  We agree with both parties that where, as here, there is no indication as a matter of law that appellant was convicted on a still valid theory, remand is proper. (*People v. Montes*, *supra*, 71 Cal.App.5th at p. 1007, citing *People v. Lewis* (2021) 11 Cal.5th 952, 971–972.)

## DISPOSITION

The order is reversed and the matter is remanded to the trial court to determine whether appellant has made a prima facie showing of eligibility for resentencing under the statute and, if so, to hold an evidentiary hearing on the petition.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.

7